■ In the Matter of VARSITY TRANSIT, INC., Petitioner, v MARTHA E. STARK, as Commissioner of the New York City Department of Finance, et al., Respondents. [775 NYS2d 273]—

Determination of respondent New York City Tax Appeals Tribunal, dated January 16, 2003, which, in this proceeding brought pursuant to CPLR 506 (b) (4), upheld a notice of determination of corporation tax issued to petitioner, unanimously confirmed, and the petition denied, without costs.

Petitioner, an operator of school buses within the City of New York, was subject to both a utility tax and a corporation tax imposed by the City but was entitled to exclude from corporation tax treatment any income subject to the utility tax, which is a tax on gross receipts. Only petitioner's school bus income was subject to the utility tax, and only its non-school bus transportation income, such as service fees and income generated from investments, was subject to the corporation tax.

In preparing its corporation tax return, however, petitioner employed a percentage reduction formula set forth in Administrative Code of the City of New York § 11-603 (4) (a), which, as applied by petitioner, had the effect of excluding from taxable income a significant portion of petitioner's investment and service income, even though such income was not subject to the utility tax and would otherwise have been subject to the corporation tax. The Department of Finance concluded that it had the power under Administrative Code § 11-603 (4) (c) to disallow the percentage reduction, so as to assure that all income was subject to one of the two taxes.

We conclude, as did the Tax Tribunal, that section 11-603 (4) must be read as an integrated whole, and that paragraph (a) of the provision was not properly utilized by petitioner to exclude income otherwise subject to the corporation tax. Petitioner's claim that a strict reading of paragraph (a) dictates the applicability of the percentage reduction, even if the effect is to allow it to escape all tax liability on a substantial portion of its non-school bus transportation income, is untenable. When viewed in context with paragraph (c), it is evident that the purpose of paragraph (a) was not to create a windfall by shielding certain income from taxation altogether, but simply to promote fairness by preventing double taxation. Concur—Buckley, P.J., Tom, Sullivan and Williams, JJ.